# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARVA JEAN MITCHELL                         CASE NO.:

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MARVA JEAN MITCHELL, by and through undersigned counsel, hereby sues the Defendants, UNITED STATES OF AMERICA, and, as grounds therefor, allege as follows:

1. This Court has exclusive jurisdiction over this cause pursuant to 28 U.S.C. §1346(b)(1).

2. UNITED STATES OF AMERICA is named a Defendant in this action, pursuant to Federal Tort Claim Act ("FTCA"), 28 U.S.C. §2671, et seq.

3. Manatee County Rural Health Services, Inc., dba Southeast Family Healthcare Center ("MCRHS") is a federally supported health facility deemed entity (Grant Number: H80CS00097) under the FTCA.

4. Under the FTCA, a federally supported health facility is considered an agent

of the United States of America.

5. MCRHS was deemed eligible for FTCA, and was eligible for FTCA coverage, at all times material hereto.

6. Pursuant to, and in accordance with, the FTCA, the United States of America is substituted herein as the Defendant responsible for the actions and/or omissions of any of MCRHS's employees and/or agents.

7. At all times material hereto, Andy Chi, DPM ("Dr. Chi") was an employee or agent of MCRHS, and acted within the course and scope of his employment or agency with MCRHS.

8. At all times material hereto, Sunghwan Byun, DPM ("Dr. Byun") was an employee or agent of MCRHS, Inc., and acted within the course and scope of his employment or agency with MCRHS.

9. At all times material hereto, Nirmala Kishun-Jit, MD ("Dr. Kishun-Jit") was an employee or agent of MCRHS, Inc., and acted within the course and scope of his employment or agency with MCRHS.

10. At all times material hereto, all other medical providers and personnel who treated Plaintiff were employees or agents of MCRHS, Inc., and acted within the course and scope of their respective employment or agency with MCRHS.

11. The Plaintiff, MARVA JEAN MITCHELL ("MITCHELL"), at all times material hereto, was and is a natural person and resident of Manatee County,

Bradenton, Florida.

12. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1402(b), as the Plaintiff resides in the instant district, and the acts and/or omissions which are the bases of the instant action occurred in the Middle District of Florida.

## GENERAL ALLEGATIONS

13. On June 20, 2020, Plaintiff sent a completed Standard Form 95 to the United States Department of Health and Human Services, Office of General Counsel, pursuant to Federal Tort Claim Act, 28 U.S.C. §2671, et seq, which was delivered on June 23, 2020.

14. Via letter dated October 2, 2020, MCRHS, advised the undersigned counsel for Plaintiff that MCRHS was covered by the FTCA, with respect to malpractice, negligence, personal injury and related claims, and also attached the Deeming Notice issued by the Department of Health and Human Services, Health Resources and Services Administration.

15. The United States Department of Health and Human Services, Office of General Counsel, denied the aforementioned FTCA claim of Plaintiff, via letter to the office of the undersigned counsel for Plaintiff, dated February 17,

2021. In particular, the denial letter stated that "[t]he evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment."

16. Because the denial letter was not clear as to whether the government conceded that the persons who treated Plaintiff were federal employees acting within the scope of their employment, and because the Office of General Counsel advised the undersigned that they were unable to concede this fact, Plaintiff filed suit in state court against the aforementioned medical providers and MCRHS, to wit: in the Twelfth Circuit Court in and for Manatee County, Florida; Case No.: 412021CA002239CAAXMA, which action is still pending. Plaintiff complied with all conditions precedent to the filing of that state court action.

17. This action is commenced with six (6) months of the aforementioned denial of Plaintiff's administrative claim under the FTCA.

18. Plaintiff has complied with all conditions precedent to filing the instant action.

# FACTUAL HISTORY

19. On March 20, 2018, MITCHELL presented to Blake Medical Center Emergency Room with pain and redness left big toe after wearing new shoes for 2 days. MITCHELL presented with a 5mm area of erythema plantar aspect of left big toe. The impression from the Emergency Room was pain left toe, degenerative joint disease ankle, foot and toe left. The primary diagnosis was primary osteoarthritis left ankle and foot. MITCHELL was placed on Clindamycin and Prednisone.

20. Ten days later, on March 30, 2018, MITCHELL returned to Blake Medical Center with continued pain left big toe as well as her left second toe. MITCHELL returned because she had no relief from the treatment on March 20, 2018. MITCHELL reported that her pain is worse along with discoloration of 3rd toe left foot. It is documented that MITCHELL's pulses are difficult to feel, but readily obtained by Doppler. Additionally, it is documented that there was some discoloration of the middle toe of her left foot. The primary impression at this time was acute left second toe pain, signed by Jeffrey Farmer, MD. MITCHELL was prescribed Prednisone and Norco for pain.

21. On or around April 2, 2018, MITCHELL presented to MCRHS, and was seen by Dr. Kishun-Jit. MITCHELL reported continued pain in her toes/left foot for 2 weeks. MITCHELL was prescribed Ibuprofen and was given an injection of

Ketorolac for pain. At that time, Dr. Kishun-Jit had the benefit of the March 20 and March 30, 2018 Blake Medical Center visits and records.

22. On or around April 13, 2018, MITCHELL presented to Dr. Byun at MCRHS as a new patient with a chief complaint of pain in her toes 1-3 left foot. MITCHELL reported her pain level as a 10 out of 10. MITCHELL reported her pain to be sharp, and burning toes 1-3 left foot. MITCHELL was informed at this visit that her pain was due to the fact that she had a long second toe causing increased pressure when she is weight bearing. Dr. Byun recommended shoe modification and prescribed Tramadol for pain. Patient was told to return in 4 weeks or to the emergency room if pain worsened.

23. On or around May 3, 2018, MITCHELL returned to see Dr. Byun, at MCRHS, with continued complaints of pain 10 out of 10 left foot. The medical record reflects that pain is due to poor circulation and a Doppler examination was ordered. MITCHELL was advised to follow-up once Doppler examination was completed.

24. On or around May 4th, 2018, MITCHELL reported back to Blake Medical Center Emergency Room with chief complaint of continued pain left great toe since March 2018. Additionally, MITCHELL suffered with a rash on her arm due to an allergy to Norco. The differential diagnosis for this emergency room visit were Arthritis, Gout, Pseudo gout and Rheumatoid Arthritis. The Emergency Room

Physician was Jeffrey Farmer, M.D.

25. On or around May 8, 2018, MITCHELL returned to see Dr. Byun, at MCRHS, with continued complaints of severe pain, discoloration and swelling of her left foot. MITCHELL reported that she had recently been to Blake Medical Center Emergency Room. MITCHELL reported pain of 8 out of 10 in the left foot. MITCHELL also reported she did not undergo a Doppler Examination. MITCHELL was diagnosed with Metatarsalgia and prescribed Voltaren Gel for pain. Records indicate that a MRI exam will be ordered. MITCHELL was instructed to obtain the Doppler Examination.

26. On or around June 1, 2018, MITCHELL presented to MCRHS. On this visit, MITCHELL is seen by Dr. Chi. MITCHELL complains of blisters and a possible infection left big toe. MITCHELL reports pain levels are 10 out of 10 at this visit. MITCHELL's physical examination indicate that posterior tibial pulse and dorsalis pedis pulse are non-palpable. Additionally, the medical record reports that erythema left hallux, pain out of proportion, superficial abrasion noted distal tip of left hallux, and hallux is cold to touch. The assessment of MITCHELL at this visit was she may have superficial wound with cellulitis of toe, atherosclerosis of native arteries. It was discussed with MITCHELL that this may be ischemic in nature. MITCHELL was placed on antibiotics.

27. On or around June 8, 2018 MITCHELL returned to see Dr. Byun, at MCRHS,

with continued pain left hallux 10 out of 10 pain. The records at this visit indicate a blister wound left hallux bottom of toe/lateral side with swelling, redness, ecchymosis and drainage. The assessment at this visit was cellulitis of toe, atherosclerosis of native arteries of the extremities with gangrene, bilateral legs. It was opined that this issue is due to poor circulation.

28. On this same day, June 8, 2018, MITCHELL presented to Manatee Memorial Hospital Emergency Room with constant pain left toe. The record reflects that MITCHELL was seen at MCRHS where a portion of her big toe was removed and she underwent a Left Extremity Arterial Duplex Ultrasound. MITCHELL was prescribed Hydrocodone-acetaminophen, Ketorolac, Cipro and wound care instructions were provided. MITCHELL was advised to follow-up with her primary care physician.

29. On or around June 22, 2018, MITCHELL returned to MCRHS, and was seen Dr. Byun, who opined that MITCHELL had atherosclerosis of the native arteries of the extremities and gangrenous changes to her left foot. Dr. Byun referred MITCHELL to Manatee Memorial Hospital ER for further follow-up and admission regarding her left foot wound.

30. MITCHELL left MCRHS and went directly to Manatee Memorial Hospital in extreme left foot pain, where she was admitted.

31. On June 25, 2018, while still at Manatee Memorial Hospital since her admission

on June 22, 2018, Plaintiff underwent an amputation of her great left toe, which amputation was performed by Dr. Chi.

32. On July 1, 2018, MITCHELL was discharged from Manatee Memorial Hospital.

33. From on or about July 3 thru July 31, 2018, MITCHELL was seen at Manatee Memorial Hospital for wound care left foot.

34. On or around August 18, 2018, MITCHELL presented to Manatee Memorial Hospital with complaints of pain 2nd and 3rd toes left foot MITCHELL reports pain in her left 3rd toe to be 9 out of 10. The assessment at this time was left foot ulcer down to subcutaneous fat, contusion of left 3rd toe, amputation of left hallux. MITCHELL presented with a wound that was noted to be along the incision line left foot, X-rays and MRI's were ordered at this visit. It is documented at this visit that MITCHELL most likely has microvascular disease.

35. On or around February 16, 2019, MITCHELL presented back to Manatee Memorial Hospital Emergency Room with complaint of chronic <u>right</u> foot pain. At this emergency room visit MITCHELL was prescribed Tylenol, Gabapentin, and Mobic. MITCHELL was instructed to follow-up with her podiatrist.

36. On or around March 4, 2019, MITCHELL returned to Manatee Memorial Hospital from the podiatrist's office and was admitted for a work-up of an ischemic foot. MITCHELL reports pain 8 out of 10. The medical records reflect a non-healing right second toe wound, gangrenous, necrotic changes and

peripheral arterial disease. Necrotic eschar was noted at the distal tip of the right second toe, digits were cold to touch, and capillary refill time was delayed to all digits right foot. Computed Tomography Angiography revealed right aortic occlusion. The documented assessment states gangrene and necrotic changes to the right second toe and critical limb ischemia to the right foot. The podiatry consult opined that MITCHELL most likely had microvascular disease. MITCHELL was pending a work-up by Interventional Cardiologist. It is noted that MITCHELL is high risk for amputation. MITCHELL was seen by Interventional Radiologist and had a percutaneous transluminal angioplasty and a stent of the aorta. Additionally, MITCHELL had a mechanical thrombectomy of the aorta and a percutaneous transluminal angioplasty of the right and left common iliac artery with kissing balloon inflation. MITCHELL was admitted to the ICU for monitoring.

37. On March 8, 2019, MITCHELL was discharged from Manatee Memorial Hospital and, thereafter, enjoyed a completely healed right great toe/right foot.

## CAUSE OF ACTION FOR MEDICAL MALPRACTICE

38. Plaintiff realleges and incorporates herein paragraphs 1. through 37., inclusive, as if fully set forth herein.

39. At all times material hereto, MCRHS, by and through its employees and/or agents, undertook the duty to treat Plaintiff, in accordance with that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

40. The action and omissions of MCRHS, by and through, including but not necessarily limited to, the above-named employees and/or agents, during the course of care and treatment of Plaintiff, more specifically stated hereinabove, constituted a material breach of the aforementioned duty owed to Plaintiff, and a deviation from the standard of care.

41. In particular, the above-named employees and agents of MCRHS fell below the standard of care in the treatment of MICHELL in, including but not necessarily limited to, the following particular regards:

   a. Failing to timely and appropriately diagnose and treat MITCHELL's ischemic left foot;

   b. Failing to properly instruct MITCHELL of any complications regarding her ischemic presentation;

c. Failing to recognize the continuation, and worsening, of MITCHELL's left foot ischemic presentation in a prudent and timely manner in response thereto;

d. Failing to recognize increased symptomology of ischemia in the left foot and right foot and to prudently and timely act;

e. Failing to timely refer MITCHELL to a vascular doctor for assessment of her ischemic left and right foot problems; and

f. Failing to evaluate MITCHELL with Computed Tomography Angiography and/or provide a timely referral to a vascular surgeon or other interventionalist to address and treat her ischemic presentation.

42. As a direct and proximate result of MCRHS's aforementioned negligence, by and through its employees and/or agents, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and possible activation and/or aggravation of a possibly previously existing condition. The losses are either permanent in nature or continuing and Plaintiff will suffer the losses in the future.

43. Plaintiff retained the services of Youngblood Law Firm and is obligated to pay it a fee pursuant to a written fee agreement. Plaintiff is entitled to

recover those attorneys' fees and costs incurred herein to the extent permitted by law.

WHEREFORE, Plaintiff, MARVA JEAN MITCHELL, respectfully demands judgment against Defendant, UNITED STATES OF AMERICA, for compensatory damages, and costs incurred in bringing the instant action.

Dated this 5th day of August, 2021.

By: _____
T. PATTON YOUNGBLOOD, JR., ESQ.
Fla. Bar No. 0849243
**Trial Counsel**
YOUNGBLOOD LAW FIRM
First Central Tower
360 Central Avenue, Suite 800
St. Petersburg, Florida 33701
Telephone: (727) 563-0909 or (813) 258-5883
Facsimile: (727) 592-5316
Primary: patton@youngbloodlaw.com
Secondary: sean@youngbloodlaw.com
*Attorneys for Plaintiff*