UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARVA JEAN MITCHELL,**

    **Plaintiff,**

v.                                            **Case No. 8:21-cv-01875-CEH-AAS**

**UNITED STATES OF AMERICA,**

    **Defendant.**
_____/

## ORDER

Plaintiff Marva Jean Mitchell moves to strike Defendant United States' second, third, and sixth affirmative defenses. (Doc. 17). The United States opposes the motion. (Doc. 18).

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted). A defendant need only give the plaintiff "fair notice" of the defense. *Jirau v. Camden Dev., Inc.*, No. 8:11-cv-73-T-33MAP, 2011 WL 2981818, at *1 (M.D. Fla. July 22, 2011).

Although "an affirmative defense may be stricken if it is legally

1

insufficient, ... striking a defense is a drastic remedy, which is disfavored by the courts." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations omitted); *see also Somerset Pharm., Inc. v. Kimball,* 168 F.R.D. 69, 71 (M.D. Fla. 1996) (stating that motions to strike are not favored and are often considered "time wasters"). "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Adams*, 2011 WL 2938467, at *1 (citation omitted). "Moreover, '[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove.'" *Id.* (citation omitted).

Ms. Mitchell moves to strike the United States' second, third, and sixth affirmative defenses. (Doc. 17). In response, the United States argues Ms. Mitchell failed to establish she is prejudiced by the United States' defenses or that the defenses are unrelated to the controversy. (Doc. 18).

### A.   Second Affirmative Defense

The United States' second affirmative defense is the "empty chair" defense, which alleges that the negligence of others caused or contributed to the plaintiff's injuries. (Doc. 16, p. 4). An empty chair defense is recognized as

2

a valid defense. *Graham v. Brown*, No. 93-1110-CIV-T-17A, 1994 WL 456631, at *3 (M.D. Fla. Aug. 18, 1994) ("[I]t is not per se impermissible for a defendant to point to an empty chair, a non-party, and claim that that party is responsible for the Plaintiffs' injuries.").

The United States' second affirmative defense relates to the controversy and provides Ms. Mitchell with fair notice of its defense. Ms. Mitchell identified no prejudice that may result from retaining the second affirmative defense and failed to demonstrate that striking this defense is necessary.

### B.     Third Affirmative Defense

The United States' third affirmative defense raises a comparative negligence defense, asserting under *Fabre v. Marin* that certain nonparty entities or individuals are responsible in whole or in part for the injuries alleged. (Doc. 16, pp. 4-5). The United States lists specific individuals and entities against whom the United States may seek to apportion fault. (*Id.*).

The United States' third affirmative defense relates to the controversy and provides Ms. Mitchell with fair notice of its defense. Ms. Mitchell identified no prejudice that may result from retaining the second affirmative defense and failed to demonstrate that striking this defense is necessary.

### C. Sixth Affirmative Defense

The United States' sixth affirmative defense states that "[a]ny damages demanded by Plaintiff must be reduced by the amount of collateral source benefits paid or payable, available to, or paid on behalf of Plaintiff, including any medical expenses paid by Defendant." (Doc. 16, p. 5). Ms. Mitchell claims she has not been informed of the "law on which" this defense is based. The United States does not have to specifically state the "law on which" its defense is based. However, the United States advises its sixth affirmative defense relies on *Hassan*, which requires the United States to include collateral source payment arguments in its pleadings as an affirmative defense. *See Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988). Thus, United States' sixth affirmative defense is a proper.

* * * * *

Ms. Mitchell's motion to strike the United States' second, third, and sixth affirmative defenses (Doc. 17) is **DENIED**.

**ORDERED** in Tampa, Florida on December 15, 2021.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge