**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARVA J. MITCHELL,

        Plaintiff

v.                                Case No.: 8:21-cv-01875-CEH-AAS

UNITED STATES OF AMERICA,

        Defendant.

_____/

## UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXPERT FOR FAILURE TO COMPLY WITH RULE 26

The United States moves *in limine* under Fed. Rule Civ. P. 26(a)(2)(B) and 37 to exclude Plaintiff's expert, Francisco J. Oliva, from testifying at trial for failure to comply with Rule 26 and because his testimony is cumulative under Federal Rule of Evidence 403. Dr. Oliva testified at deposition that he did not draft his own report. Instead, Dr. Oliva copied the report of Plaintiff's other expert. Because Plaintiff cannot show that this conduct was substantially justified or harmless, the Court should exclude Dr. Oliva's testimony under Rule 37 and under FRE 403.

### BACKGROUND

Plaintiff Marva Mitchell brought a Federal Tort Claims Act action against the United States for alleged medical malpractice at MCR Health, a federally qualified health center. Plaintiff alleges, among other things, that she was not referred to a specialist for intervention before amputation of her left big toe. Plaintiff disclosed two

experts, podiatrists Tamara D. Fishman and Francisco J. Oliva. *See* Verified Written Medical Expert Opinion of Tamara D. Fishman, attached as Exhibit 1; Verified Written Medical Expert Opinion of Francisco J. Oliva, attached as Exhibit 2. Other than a few minor differences, the reports are identical.

**Francisco J. Oliva, DPM, DABPS**

Dr. Oliva is one of Plaintiff's two podiatry experts. His report, signed September 1, 2022, is six pages long. Dr. Oliva invoiced Plaintiff's counsel three hours for his work on the case. *See* Deposition of Francisco J. Oliva attached as Exhibit 3 at 54:5-25; 55:14-25; 56:1-20; December 22, 2020 Email invoice attached as Exhibit 4.

Reading Dr. Oliva's report gives the false impression that he reviewed Plaintiff's medical records then developed and drafted his own opinions. Instead, Plaintiff's other expert, Dr. Fishman, did the medical analysis during the presuit investigation portion of the case and Dr. Oliva simply copied her work. Dr. Oliva acknowledged that the majority of Dr. Fishman's June 19, 2020 report appears in his September 1, 2022 report. At deposition, when asked about the similarities with Dr. Fishman's report, Dr. Oliva testified:

> Q. Your report contains the exact Paragraph B that's in [Dr. Fishman's] report, correct?
> A. In part, yes.
> Q. Yeah. Your report contains the exact Paragraph C that's seen here, correct?
> A. In part, yes.
> Q. Well, it's not in part. It contains the entire Paragraph C, correct?
> A. I agree with you, yes.
> Q. Yes. It contains the entire Paragraph D.
> A. I agree with you, yes.
> Q. Okay. Your report contains this entire paragraph, correct?

A. Which one are you referring to?

Q. E. We're on E now.

A. E, okay. (perusing) Correct.

Q. Okay, your report contains this entire Paragraph F and G, correct?

A. (perusing) Correct.

Q. Okay, your report contains Paragraphs H and I as well, correct?

A. Correct.

Q. Your report contains Paragraph J, correct?

A. Correct.

Q. Your report contains Paragraphs K, L, and M?

A. Correct.

Q. Your report contains Paragraphs N, O, and P, correct?

A. Correct.

Q. Your report contains Paragraphs Q and R, correct?

A. Correct.

Q. Okay. And your report also contains Paragraph S; is that correct?

A. Correct.

Q. Okay. And you come to the exact conclusion about the failure of the standard of care that Dr. Fishman did; is that correct?

A. That is correct.

Q. Okay. And Paragraphs 7 and 8 are also exactly the same, is that correct?

A. Yes, ma'am.

…

Q. Yeah. The question was, you copied it from Dr. Fishman's report; isn't that correct?

(Mr. Yougblood: same objection)

A. It appears so.

Ex. 3 at 27:1-29:15.

Even if Dr. Oliva had not acknowledged that he had copied Dr. Fishman's report, comparing them makes it obvious. Both are unusually styled as "Verified Written Medical Expert Opinion." Both have the same structure, layout, and numbering/lettering. The text is largely identical, and they are both signed "under the penalty of perjury" and reflect that they were "read" by the experts and the contents

are true, not that they were "drafted" by the experts. It is impossible that two podiatrists could have developed almost identical reports on their own accord. Dr. Oliva's report does not reflect his own, independently developed medical opinions, but rather the opinions purportedly developed by Plaintiff's other expert, Dr. Fishman.

## MEMORANDUM OF LAW

Per Rule 26(a), a party must disclose an expert witness's opinions in "a written report" that is "prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). A party that does not comply "is not allowed to use that information or witness to supply evidence …, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The proponent of the expert has a duty to comply with Rule 26 and the burden to show that failure to do so was excusable under Rule 37. *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (*per curiam*). If the proponent cannot meet that burden, exclusion is an automatic sanction. *See Whitmer v. Target Corp.,* No. 3:09-cv-962, 2011 WL 13143133, at *2 (M.D. Fla. Jan. 14, 2011).

Judge Mizelle examined the Rule 26 requirements in detail in *GEICO v. Right Spinal Clinic, Inc., et al.,* 608 F.Supp.3d 1184 (M.D. Fla. 2022). The court explained that "prepared by the witness" is subject to two interpretations, one from the caselaw and one from its ordinary meaning. Dr. Oliva does not satisfy either interpretation.

**Dr. Oliva did not "substantially participate" in preparing his report.**

Caselaw interprets Rule 26 to require that an expert "substantially participated" in preparing his or her expert report. *See Right Spinal*, 608 F. Supp.3d at 1187 *citing Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 579 (W.D. Tenn. 2009). He or she must be "substantially engaged in the report's creation and preparation." *Id.* at 1188 quoting *Weissman v. Cheokas*, No. 1:17-cv-220, 2021 WL 5450460, at *2 (M.D. Ga. Sept. 30, 2021). Interpreting this standard, courts reason that "an attorney may assist and may 'reduce an expert's oral opinion to writing.'" *Id.* quoting *United States v. Kalymon*, 541 F.3d 624, 638 (6th Cir. 2008). Similarly, an attorney may explain the Rule 26 requirements "and coach the expert to be sure the report touches all the bases." *Manning v. Crockett*, No. 95-cv-3117, 1999 WL 342715, at *3 (N.D. Ill. May 18, 1999).

But courts agree that "abject ghostwriting … is not allowed under any circumstances." *Id.* at *3; *see also ASK Chemicals, LP v. Computer Packages, Inc.*, 593 Fed. Appx. 506, 510 (6th Cir. Dec. 10, 2014) ("Where an expert merely offers his client's opinion as his own, that opinion may be excluded."). As *Right Spinal* reiterated, counsel "cannot be a ghostwriter; preparing the expert's opinion from whole cloth and then asking the expert to sign it if he or she wishes to adopt it conflicts with Rule 26(a)(2)(B)'s requirement that the expert 'prepare' the report." 608 F.Supp.3d at 1188, quoting *Manning*, 1999 WL 342715 at *3. An expert cannot merely adopt "counsel-provided information as his opinions." *Right Spinal,* 608 F.Supp.3d at 1190, quoting *Anders v. United States*, 307 F. Supp. 3d 1298, 1312–13 (M.D. Fla. 2018) (Antoon, J.);

*see also O'Hara v. Travelers,* 2:11–CV–208–KS–MTP, 2012 WL 3062300, at \*9 (S.D. Miss. July 26, 2012) ("An attorney—or, in this case, a party—is not permitted to 'ghost-write' an expert's report.").

Dr. Oliva's report was ghostwritten—in this case by Plaintiff's other expert, rather than counsel—but the analysis remains the same: ghostwriting expert reports is prohibited. Dr. Oliva acknowledged that he copied Dr. Fishman's opinions, including her standard of care opinion. His actions explain the scant three hours Dr. Oliva billed Plaintiff's counsel for his alleged review of all the medical records and the draft of his report. In *Right Spinal*, the court excluded an expert who had spent at most two hours reviewing his 20-page report that had been ghostwritten, made no changes, but nevertheless "took ownership" of it. 608 F.Supp.3d at 1187; *see* Case No. 8:20-cv-00802-KKM-AAS at Dkt. 274-1 (20-page report). Another court excluded an expert who had reviewed his 64-page report for "a couple hours" before signing it as his own. *Numatics, Inc. v. Balluff, Inc.,* 66 F.Supp. 3d 934, 945 (E.D. Mich. 2014). In *James T. Scatuorchio Racing Stable v. Walmac Stud Mgt., LLC*, 2014 WL 1744848, at \*6 (E.D. Ky. Apr. 30, 2014), counsel drafted the report then met with the expert for 60-90 minutes. The expert made some edits but adopted 90% of counsel's draft before printing it on his own letterhead. The court held that the expert had not substantially participated. Like these excluded experts, Dr. Oliva did not substantially participate in the draft of his expert report, which copied entirely from Plaintiff's other expert.

**The report was not "prepared by" Dr. Oliva.**

The ordinary meaning of "prepared by" sets an even higher standard than substantial participation under the caselaw. *Right Spinal*, 608 F.Supp.3d at 1188. Dictionary definitions of "prepare" include to "make ready or assemble" something, to "draw up" or "put into written form." *Id.* at 1188 (citations omitted). Definitions of "by," include "through the agency or means of." *Id.* at 1188. As the court summarized, "So, as in ordinary English, the phrase 'prepared by' in Rule 26 requires that the expert had an exclusive or primary role in creating the report—a higher bar than substantial participation." *Id.* at 1188. It is undisputed that Dr. Oliva did not draft, type, or otherwise prepare his own report – he copied the report and opinions from Dr. Fishman. Just as Dr. Oliva's actions do not meet the lower substantial participation standard, they cannot meet this higher ordinary meaning standard.

**Plaintiff's actions were neither substantially justified nor harmless under Rule 37.**

Exclusion is the automatic sanction unless Plaintiff can show that her failure to comply with Rule 26 was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *see Whitmer v. Target Corp.*, No. 3:09-cv-962, 2011 WL 13143133, at *2 (M.D. Fla. Jan. 14, 2011). Rule 37(c)(1) provides, "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Court examined "substantially justified" or "harmless" in *Losch v. Experian Information Solutions, Inc.*, No. 2:18-cv-809-MRM, 2022

WL 17823664 (M.D. Fla. May 17, 2022).

"Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Id.* at *9, quoting *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017) (citations omitted). There is no dispute here; an expert report cannot be ghostwritten or copied verbatim from another expert. What "harmless" means is less clear. *Losch,* 2022 WL 17823664 at *9, citing *see Griffin v. United States*, No. 3:19-cv-441-MMH-PDB, 2021 WL 4947180, at *15 (M.D. Fla. July 30, 2021), *report and recommendation adopted*, 2021 WL 4935546 (M.D. Fla. Aug. 2, 2021). Judge Tjoflat interpreted "harmless" to mean that, "(1) the nondisclosure must be a mistake, and (2) the undisclosed information must already be known to the opposing party or parties." *Losch*, 2022 WL 17823664 at *9 citing *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 607-08 (11th Cir. 2019) (Tjoflat, J., dissenting). Under *Taylor*, there was no mistake here: Dr. Oliva confirmed that he copied his report from Plaintiff's other expert. The United States is arguably unable ever to find out what his expert opinion would have been had he conducted his own review and drafted his own report.

Alternatively, courts consider factors such as "[(1)] the explanation for the failure, [(2)] the importance of the witness's testimony, [(3)] the need for time to prepare to respond to the testimony, and [(4)] the possibility of a continuance," in assessing substantial justification and harmlessness under Rule 37(c)." *Losch,* 2022 WL 17823664 at *9 quoting *Griffin*, 2021 WL 4947180 at *15. Applying *Griffin*, the conduct was neither substantially justified nor harmless here. Dr. Oliva could and should have

analyzed the medical care and drafted a report himself. Expert medical testimony is crucial to this and any medical malpractice action. Only physicians can establish the standard of care, breach, and causation. Plaintiff already has a podiatrist who can offer expert testimony – Dr. Fishman. Excluding Dr. Oliva, who simply parrots Dr. Fishman's testimony, from testifying at trial is the only appropriate solution.

**Dr. Oliva's testimony should also be excluded as cumulative under FRE 403.**

Parroting the opinions of Dr. Fishman does not reflect Dr. Oliva's own reasoned view of the case. There is no value to the Court of an expert opinion that has not been independently developed. Federal Rule of Evidence 403 allows a Court to exclude relevant evidence when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. "Expert testimony may be needlessly cumulative where there is 'substantial overlap' between the areas on which two experts will testify." *Royal Bahamian Ass'n., Inc. v. QBE Ins. Corp.,* 2010 WL 4225947 at *2 (Oct. 21, 2020). While Courts typically are unable to determine whether testimony is cumulative until trial, here, because Dr. Oliva copied his expert report from Dr. Fishman, the testimony offered by Dr. Oliva is patently cumulative. Indeed, an expert witness like Dr. Oliva, who has not formed his own opinions contributes nothing useful to the decisional process and should be excluded under FRE 403.

WHEREFORE, the United States respectfully requests that this Court exclude Dr. Oliva from testifying at trial under Rule 37 because of counsel's failure to comply with Rule 26 and because his testimony is cumulative under FRE 403.

## LOCAL RULE 3.01(g) CERTIFICATION

On October 27, 2023, I spoke with Plaintiff's counsel Patton Youngblood by phone and he advised that he opposes the relief sought in this motion.

ROGER B. HANDBERG
United States Attorney

By:     /s/ Stephanie S. Leuthauser
STEPHANIE S. LEUTHAUSER
Assistant United States Attorney
Florida Bar No. 44981
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6000
Facsimile: 813-274-6200
E-mail: stephanie.leuthauser@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a copy to all counsel of record.

/s/ Stephanie S. Leuthauser
STEPHANIE S. LEUTHAUSER
Assistant United States Attorney